## In re MILLER.
### No. 1170–D.

District Court, E. D. Illinois.
Dec. 30, 1930.

910

Gunn, Penwell & Lindley, of Danville, Ill., for trustee.

Jinkins & Jinkins, of Danville, Ill., for bankrupt.

LINDLEY, District Judge.

The referee has entered herein an order subrogating the trustee to the lien of one E. E. Freeman, a judgment creditor of the bankrupt. The bankrupt seeks a review of said order.

The following facts are undisputed: On May 22, 1930, Freeman obtained a judgment against the bankrupt in the circuit court of Vermilion county; on the same day an execution duly issued upon said judgment and was placed in the hands of the sheriff for service. On May 21, 1930, the bankrupt executed a chattel mortgage upon the same automobile to Wood Anderson. This mortgage was recorded June 13, 1930. Freeman, the judgment creditor, had no notice that the automobile was mortgaged. On June 16, 1930, the bankrupt filed herein his voluntary petition in bankruptcy, and on June 16, 1930, was duly adjudged bankrupt.

Section 67f of the Bankruptcy Act (11 USCA § 107(f) is as follows: "All levys, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, [etc.] unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

■ The entry of the judgment and the issuance of execution thereon and the delivery of the latter to the sheriff, under the statutes of the state of Illinois, brought into existence a lien upon the automobile, valid as against the bankrupt, mortgagees under unrecorded mortgages, and other creditors. See Rock Island Plow Co. v. W. J. Reardon, Trustee, 222 U. S. 354, 32 S. Ct. 164, 56 L. Ed. 231. Under section 67f of the Bankruptcy Act (11 USCA § 107(f), the trustee was entitled to be subrogated to the rights of the judgment creditor under and by virtue of said execution as of the date of the filing of the petition in bankruptcy. A levy under the execution was made on May 29, 1930, but same merely continued the lien of the execution. Although under the laws of Illinois an execution expires at the end of ninety days, the trustee having filed his petition for subrogation before the expiration of said time, there was by virtue of the statute aforesaid created in the trustee a lien by virtue of the referee's order replacing that of the judgment creditor as of the date of the filing of the petition. It is as if on the date of the execution the bankrupt had executed and delivered to the trustee in bankruptcy a chattel mortgage and the same had been duly recorded. This lien is valid as against the world, irrespective of the fact that since the trustee filed his petition for subrogation the execution has expired. To hold otherwise would be to permit parties contesting the petition for subrogation to defeat its purpose by appeal or other action, postponing the final order until after the execution had expired. The Bankruptcy Act contemplates that the title of the trustee shall revert to the date of the filing of the adjudication. Section 70 (11 USCA § 110). After the filing of the petition in bankruptcy, no act may detract from the trustee's title; the filing followed by the adjudication, being a caveat to the entire world, fixes the rights of the parties.

■ The contention is made that the court should set off and allow to the bankrupt certain exemptions, but that question is not involved in this hearing. Whether the bankrupt has a right to any exemptions as against the trustee's lien is not now before the court, but may be presented hereafter to the referee.

Accordingly, it is ordered that the referee's order be, and the same is hereby, approved and confirmed; that the trustee be, and he is hereby, declared vested as of the date of the filing of the petition in bankruptcy with a lien valid as against all other persons upon the personal property of the bankrupt to the extent of the amount of the original judgment of Freeman, together with the costs and interest thereon.

It is further ordered by the court that the trustee proceed to enforce said lien by appropriate sale of the property under proper orders of the referee.